UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    **DECISION AND ORDER**
                                                           11-CR-194S

NIKITA BURT,

                            Defendant.

On April 21, 2020, Defendant Nikita Burt moved to terminate the remaining period of his supervised release—approximately 14 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 237.) He contends that termination of his supervised release period is warranted because he has maintained gainful employment, tested negative for controlled substances, and has remained arrest-free. (Affirmation of Michael M. Blotnik, Esq. ("Blotnik Aff."), Docket No. 237, ¶¶ 9-11, 15.) It is further represented that Burt's probation officer supports his request for early termination. (Id. ¶ 8.) In reality, however, both the probation officer and the government oppose Burt's request. (Docket No. 239.) For the reasons below, Burt's motion is denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of

1

supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Burt's term of supervised release is not warranted and would not be in the interest of justice.  Burt received a 60-month term of imprisonment for possessing with intent to distribute and distribution of 28 grams or more of crack cocaine.  His offense conduct involved him selling 50.5 grams of crack cocaine to a confidential source on two occasions.  This is serious criminal conduct that warrants the full 4 years of supervised released imposed at sentencing.

This Court is also troubled by several inaccuracies in Burt's motion.  Contrary to his representation to his lawyer that his probation officer "is in favor" of his motion (Blotnik Aff., ¶ 8), she in fact opposes it on multiple grounds.  And contrary to the representations that Burt has maintained gainful employment (Blotnik Aff., ¶¶ 9, 10) and refrained from using controlled substances (Blotnik Aff., ¶¶ 10, 15), Burt was, according to his probation officer, unemployed between March 2018 and June 2019 and reported other questionable off-the-books employment, and twice tested positive for marijuana use, most recently on March 6, 2020, just weeks before filing his motion.  Burt's performance on supervision has therefore not been as successful as he represents.

Finally, whatever success Burt has achieved while on supervision by way of employment and generally good behavior is not enough to warrant termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Consequently, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Burt's criminal conduct, and the continuing interests of deterrence counsel in favor of maintaining Burt's supervised release.   His motion for early termination is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 237) is DENIED.

SO ORDERED.

Dated: May 14, 2020
        Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge

4